IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| KIMBERLY D. COLLINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:16CV00692 |
| | ) | |
| VIRGINIA STATE UNIVERSITY | ) | |
| Serve:   Dr. Makola M. Abdullah, President | ) | |
|            Virginia State University | ) | |
|            1 Hayden Drive | ) | |
|            Petersburg, VA 23806 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Kimberly D. Collins, by counsel, states as follows as her Complaint against defendant Virginia State University ("Virginia State," "VSU," the "University," or "Defendant").

### NATURE OF ACTION

1.     This is an action under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, *et seq.*

### JURISDICTION AND VENUE

2.     Jurisdiction is conferred on this Court herein pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. § 1331.

3.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, and Local Rule 3(B)(4), as this is the district and division where a substantial part of the events or omissions giving rise to the claim occurred.

4.     All conditions precedent to the filing of this action have been met by Plaintiff, in that she has filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") and has filed this action within 90 days of receiving a right-to-sue letter, dated May 19, 2016, from the EEOC.

## PARTIES

5.     Collins is an individual resident of Petersburg, Virginia. She suffers from medically significant diagnoses of stress, anxiety, and depression. These conditions substantially limit her major life activities, including but not limited to, her ability to concentrate, communicate, and work.  She is a "qualified individual" with a "disability" under the ADA.

6.     Defendant VSU is a public university located in Ettrick, Virginia.  For all purposes herein, VSU is and has been Collins' "employer" under the ADA.

## FACTS

7.     VSU hired Collins in December 2013 as an administrative assistant.

8.     In or around June 2015, Collins' supervisor began falsely saying that Collins was "mentally slow" and "retarded."

9.     In January 2016, Collins, due to her stress, anxiety and depression, went out on short-term disability leave (which was fully approved as part of Collins' benefits at VSU).

10.     When Collins returned to work in on or about March 28, 2016, however, she was immediately placed on administrative leave with pay after being falsely accused by her Supervisor of "stealing time" while out all disability leave.

2

11.   Ultimately, Collins was allowed to return to work on April 28, 2016. However, she has remained under investigation for the false allegations against her, and such investigation is still ongoing.

12.   To be clear, Collins has not "stolen" any time in terms of her disability leave and, in truth, she is being investigated because she is being discriminated against because of her disabling medical conditions.

## COUNT I:
## ADA DISCRIMINATION CLAIM

13.   The allegations of paragraphs 1-12 are realleged as if fully set forth herein.

14.   As already explained herein, Collins is a "qualified individual" with a "disability" as those terms are used and defined under the ADA and its subsequent amendments.

15.   VSU's placing of Collins on administrative leave and investigating her for false allegations of "stealing time" constitutes discrimination in violation of the ADA.

16.   As a result of VSU's actions, Collins has suffered damages, including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## COUNT II:
## ADA HARASSMENT CLAIM

17.   The allegations of paragraphs 1-16 are realleged as if fully set forth herein.

18.  Under the ADA, it is unlawful to harass an employee because she is disabled.

19.  Here, VSU harassed Collins because of her disability by, among other things, falsely reporting that she "stole" time while out on disability leave and by putting her on administrative leave due to the false allegations.

20.  The harassment is and has been unwanted and is and has been severe and pervasive.

21.  VSU has known about the harassment since at least 2014 because Collins has repeatedly complained about her supervisor's harassing comments and behavior.

22.  As a direct result of the VSU's harassment, Collins has been caused to suffer personal injury, anxiety, emotional distress, personal and professional humiliation and embarrassment.

WHEREFORE, for all of the reasons stated above, Kimberly D. Collins respectfully and specifically requests that the Court:

A.  Accept jurisdiction of this case.

B.  Declare that Plaintiff has suffered acts of discrimination and harassment at the hands of VSU under the ADA.

C.  Award Plaintiff compensatory damages for the humiliation, damage to her reputation, mental and emotional distress, and pain and suffering that she has experienced and endured as a result of the unlawful actions of VSU. Such damages shall be in an amount in excess of one hundred thousand dollars ($100,000), the exact

4

amount to be determined at trial.

     D.     Grant Plaintiff pre-judgment and post-judgment interest on all damages

awarded, to the maximum extent allowed by law.

     E.     Grant Plaintiff her reasonable expenses, costs and attorneys' fees.

**A TRIAL BY JURY IS DEMANDED.**

     Respectfully submitted,

     KIMBERLY D. COLLINS

     By _____
             Of Counsel

Richard F. Hawkins, III (VSB #40666)
THE HAWKINS LAW FIRM, PC
2222 Monument Avenue
Richmond, Virginia 23220
(804) 308-3040 (telephone)
(804) 308-3132 (facsimile)
rhawkins@thehawkinslawfirm.net

     Counsel for Plaintiff